
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10412 |
| Plaintiff-Appellee, | D.C. No.<br>2:18-cr-00076-DLR-1 |
| v. | |
| MARTIN IBARRA-OZUNA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted February 9, 2022[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and FITZWATER,[***]
District Judge.

Defendant Martin Ibarra-Ozuna ("Ibarra-Ozuna") challenges the denial of his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

motions to suppress and his sentence. We review *de novo* the district court's ruling on the motions to suppress, and we review for clear error the district court's findings of fact. *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015). We review the district court's construction of the United States Sentencing Guidelines *de novo* and review for clear error its supporting factual findings for the role adjustment. *United States v. Holden*, 908 F.3d 395, 401 (9th Cir. 2018). We affirm his convictions, vacate his sentence, and remand for resentencing.

1. The district court did not err in holding that Detective Luna had probable cause to stop and search Ibarra-Ozuna's vehicle based on the collective knowledge of law enforcement. The collective knowledge doctrine allows courts to impute the collective knowledge of investigating officers to the officer who conducts the stop, search, or arrest. *United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010). There is ample evidence in the record of the suppression hearing that the investigating officers had developed probable cause to stop and search Ibarra-Ozuna's vehicle and that they had communicated a request to Detective Luna to stop and investigate the vehicle. *See United States v. Ramirez*, 473 F.3d 1026, 1032–33 (9th Cir. 2007);

*United States v. Mayo*, 394 F.3d 1271, 1273, 1275 n.7 (9th Cir. 2005).[1]

2. When explaining that Ibarra-Ozuna did not qualify for the safety valve adjustment because he was a "manager" and "supervisor," the district court made three clearly erroneous factual findings.

First, the parties (and we) agree that the district court's finding that Ibarra-Ozuna planned a coconspirator's trip from southern Arizona lacks any support in the record. This finding is clearly erroneous.

Second, the district court clearly erred in finding that Ibarra-Ozuna ever "directed" Flabio Gaxiola to meet him at any location. At most, the calls between Gaxiola and Ibarra-Ozuna reflect that Ibarra-Ozuna told Gaxiola where he was or when he would meet Gaxiola at the mall, and the parties were coordinating the exact meeting locations.

Third, the district court clearly erred in finding that Ibarra-Ozuna planned logistics for others. While there is evidence that Ibarra-Ozuna discussed the location of other parties, the record demonstrates that Ibarra-Ozuna's discussions of logistics related only to the details and planning of *his own* trips, meetings, or drug deliveries.

---

[1] An investigating officer's probable cause based on the information learned in his investigation is imputed to the arresting officer without the need to communicate all of the information known to the investigating officer. *Ramirez*, 473 F.3d at 1037.

Because the district court based the "manager" or "supervisor" role adjustment on several factual findings that are clearly erroneous, we vacate Ibarra-Ozuna's sentence and remand for resentencing. *See, e.g.*, *United States v. Harris*, 999 F.3d 1233, 1238 (9th Cir. 2021).

**AFFIRMED in part, VACATED in part, and REMANDED for resentencing.**